UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTOPHER SAINT JOUR,

                    Plaintiff,

      -against-

NIZOM TURA, Shield No. 20732,
PAUL MALLIO, Shield No. 13570,
Detective JOHN DOE, Officer JANE DOE,
CITY OF NEW YORK, NYC OFFICE OF MENTAL
HEALTH, and MAXIMO SABALA, Shield No. 22413

                    Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

25-CV-02871 (OEM) (RML)

ORELIA E. MERCHANT, United States District Judge:

      Plaintiff Christopher Saint Jour, appearing *pro se*, filed this action on October 28, 2025. Dkt. 1. Plaintiff also applied to waive the filing fee by filing an application to proceed *in forma pauperis* ("IFP"). Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) ("First IFP Application"), Dkt. 2. On November 12, 2025, Plaintiff filed a second application to proceed IFP. Request to Proceed *In Forma* Pauperis In Support of The Application For The Court To Request Counsel ("Second IFP Application"), Dkt. 4. On the same day, Plaintiff filed an application for the Court to appoint counsel. Application For The Court To Request Counsel ("Request to Appoint Counsel"), Dkt. 5. As set forth below, the Court denies Plaintiff's IFP applications with leave to pay the filing fee or amend the IFP within fourteen days from the date of this Order. Plaintiff's Request to Appoint Counsel is referred to Magistrate Judge Robert M. Levy.

1

## DISCUSSION

### A. IFP Application

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350.00, with an additional administrative fee of $55.00, for a total fee of $405.00. Under 28 U.S.C. § 1915, the Court may, as a matter of discretion, waive the filing fee upon a finding that a plaintiff is indigent. *DiGianni v. Pearson Educ.*, 10-CV-206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010). A plaintiff seeking to proceed IFP must submit an IFP application, including an affidavit stating that he is "unable to pay" filing fees "or give security therefor;" the plaintiff must also include a list of all his assets. 28 U.S.C. § 1915(a)(1). The IFP statute is "intended for the benefit of those too poor to pay or give security for costs[.]" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).

In the requests to proceed IFP, Plaintiff indicates that he is unemployed, he receives disability income, but does not state how much, and has $1,900 and $20,000 in cash or in a checking or savings account. *See* First IFP Application at 2, Dkt. 2; Second IFP Application at 2, Dkt. 4. Plaintiff does not list any other assets, expenses, dependents or financial obligations. *Id.* Based on this information, the Court finds that Plaintiff's financial declarations do not support a showing of indigency and thus the applications to proceed IFP, First IFP Application, Dkt. 2; Second IFP Application, Dkt. 4, are denied.

Should Plaintiff wish to proceed with this action, he must pay the filing fee of $405.00 to the Clerk of Court of the Eastern District of New York or he may amend his IFP request by filing a long-form IFP application within fourteen days from the date of this Order. If Plaintiff pays the filing fee, the Clerk of Court shall issue a summons and Plaintiff must have the summons and complaint served on the Defendant in accordance with Rule 4 of the Federal Rules of Civil

Procedure. Plaintiff is warned that failure to pay the filing fee or file a long-form IFP application within the time allowed will result in dismissal of this action without prejudice.

### B. Appointment of Counsel

Plaintiff moves for the appointment of counsel "because the legal system is complex and a lawyer can provide expert knowledge, help achieve the best possible outcome in [his] specific case, [and] equal representation." Request to Appoint Counsel at 1. Plaintiff's Request to Appoint Counsel is referred to Magistrate Judge Robert M. Levy.

Plaintiff may also seek free, confidential, limited scope legal assistance from the Federal Pro Se Legal Assistance Project offered by city Bar Justice Center by calling (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. The Federal Pro Se Legal Assistance Project is not a part of, or affiliated with, the United States District Court.

### CONCLUSION

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to send a copy of this Order to the Plaintiff along with a long form IFP application and note the mailing on the docket.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

December 1, 2025
Brooklyn, New York