# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

Christopher Saint Jour,

       Plaintiff,


      -against-


City of New York, NYS Office of Mental Health, Assistant District Attorney Carly Muth, Eric Gonzalez, in his official capacity as District Attorney of Kings County, Nizom Tura Shield No.20732, Paul Mallilo Shield No.564, Adrian Arav Shield No. 1793, Maximo Sabala Shield No.22413, Valemburn Vilaire Shield 15935, Chandon Rodriguez Shield No. 17484, Matera Janelle C Shield No.14574, Piscatella Joeseph F Shield No. 5325

       Defendant.

-------------------------------------------------------x


**Case No.** 25CV2871


## PARTIES

1. Plaintiff is an individual who resides at 21-10 Borden Ave, Long Island City, NY 11101.
2. Defendant City of New York, 100 Church Street, New York, NY 10007 is a "governmental body or agency" within the meaning of the NYCHRL. N.Y.C. Admin. Code § 8-102(1).
3. Defendant New York State Office of Mental Health, 28 Liberty Street, 16th Floor, New York, NY 10005 is a "governmental body or agency" within the meaning of the NYCHRL. N.Y.C. Admin. Code § 8-102(1).
4. Defendant Carly Muth is a District Attorney for the county of Kings, **individual address**: 350 Jay Street, Brooklyn, NY 11201, and **official address**: 28 Liberty Street, New York, NY 10005 at all relevant times hereto, acted on her own and under color of state law. An injunction is sought against her both in individual and official capacities.

5. Defendant Eric Gonzalez is the District Attorney of Kings County, New York, 28 Liberty Street, New York, NY 10005, At all relevant times, Defendant Gonzalez was responsible for the administration, policies, practices, supervision, and training of employees of the Kings County District Attorney's Office and has authority to implement the injunctive relief sought herein. An injunction is sought against him in his official capacity.

6. Defendant Nizom Tura Shield No.20732, 63rd precinct command, 1844 Brooklyn Ave, Brooklyn, NY 11210 is a Police Officer employed by the City of New York. At all times relevant hereto, he acted both on his own and in the direction of Defendant Sergeant Paul Mallilo Shield No.564 and in concert with other Defendants and under color of state law. He is sued both in his individual and official capacities.

7. Defendant Paul Mallilo Shield No.564, Narcotics Borough Brooklyn South , 2820 Snyder Ave 3rd floor, Brooklyn, NY 11226 is a Police Officer employed by the CIty of New York. At all relevant times hereto, he acted both on his own and in concert with other Defendants and under color of state law. He is sued both in his individual and official capacities.

8. Defendant Detective Adrian Arav Shield No.1793, NYPD Forensics Laboratory command, 150-14 Jamaica Ave, Jamaica, NY 11432 who worked at the 63rd precinct on August 6, 2023, is a detective employed by the City of New York. At all times relevant hereto acted on his own and under color of state law. He is sued both in his individual and official capacities.

9. Defendant Maximo Sabala Shield No.22413, 63rd precinct command, 1844 Brooklyn Ave, Brooklyn, NY 11210 is a Police Officer employed by the City of New York. At all relevant times hereto, acted on her own and at the direction of Defendant Paul Mallilo Shield No.564 and in concert with other Defendants and under color of state law. She is sued in her individual and official capacities.

10. Defendant Valemburn Vilaire Shield 15935, Strategic Response Group 1 command, 524 W 42nd St, New York, NY 10036, is a Police Officer employed by the City of New York. At all times relevant hereto, he acted both on his own and at the direction of Defendant Sergeant Paul Mallilo Shield No.13570 and in concert with other Defendants and under color of state law. He is sued both in his individual and official capacities.

11. Defendant Officer Chandon Rodriguez Shield No. 17484, 67th precinct command, 2820 Snyder Ave, Brooklyn, NY 11226 is a Police Officer employed by the City of New York. At all times relevant hereto, he acted both on his own and in the direction of Defendant Sergeant Paul Mallilo Shield No.13570 and in concert with other Defendants and under color of state law. He is sued both in his individual and official capacities.

12. Defendant Matera Janelle C Shield No.14574, 63rd precinct command, 1844 Brooklyn Ave, Brooklyn, NY 11210 is a Police Officer employed by the City of New York. At all relevant times hereto, acted on her own and in the direction of Sergeant Piscatella Joseph F Shield No. 5325, and under color of state law. She is sued in her individual and official capacities.

13. Defendant Piscatella Joeseph F Shield No. 5325, Fleet Services Division command, 53-15 58th St, Woodside, NY 11377 is a Police Officer employed by the City of New York. At all relevant times hereto, acted on his own and under color of state law. He is sued in her individual and official capacities.

## JURISDICTION & VENUE

1. This is a civil action for declaratory, monetary, and injunctive relief authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28. U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.
2. This court has authority to issue injunctive relief pursuant to Federal Rules of Civil Procedure Title VIII Rule 65.
3. This court has authority to grant declaratory and injunctive relief pursuant to NYC Admin. Code section 8-101, under Article XVII section 1 of the NYS Constitution, Title II and Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and section 291 of the NYS Human Rights Law. This court has the power to issue such relief pursuant to NY CPLR section 6301.
4. This court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a).
5. The Eastern District of New York is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## JURY DEMAND

6. This action seeks money damages because of local law enforcement officers' participation in plaintiff's wrongful deprivation of plaintiff's rights. Plaintiff alleges that all the defendants acted under color of state law and violated plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.
7. Plaintiff Christopher Saint Jour requests a trial by jury as to all counts.

## PARTIES

1. Plaintiff is an individual who resides at 21-10 Borden Ave, Long Island City, NY 11101.
2. Defendant City of New York, 100 Church Street, New York, NY 10007 is a "governmental body or agency" within the meaning of the NYCHRL. N.Y.C. Admin. Code § 8-102(1).
3. Defendant New York State Office of Mental Health, 28 Liberty Street, 16th Floor, New York, NY 10005 is a "governmental body or agency" within the meaning of the NYCHRL. N.Y.C. Admin. Code § 8-102(1).

4. Defendant Carly Muth is a District Attorney for the county of Kings, **individual address**: 350 Jay Street, Brooklyn, NY 11201, and **official address**: 28 Liberty Street, New York, NY 10005 at all relevant times hereto, acted on her own and under color of state law. An injunction is sought against her both in individual and official capacities.

5. Defendant Eric Gonzalez is the District Attorney of Kings County, New York, 28 Liberty Street, New York, NY 10005, At all relevant times, Defendant Gonzalez was responsible for the administration, policies, practices, supervision, and training of employees of the Kings County District Attorney's Office and has authority to implement the injunctive relief sought herein. An injunction is sought against him in his official capacity.

6.  Defendant Nizom Tura Shield No.20732, 63rd precinct command, 1844 Brooklyn Ave, Brooklyn, NY 11210 is a Police Officer employed by the City of New York. At all times relevant hereto, he acted both on his own and in the direction of Defendant Sergeant Paul Mallilo Shield No.564 and in concert with other Defendants and under color of state law. He is sued both in his individual and official capacities.

7.  Defendant Paul Mallilo Shield No.564, Narcotics Borough Brooklyn South , 2820 Snyder Ave 3rd floor, Brooklyn, NY 11226 is a Police Officer employed by the CIty of New York. At all relevant times hereto, he acted both on his own and in concert with other Defendants and under color of state law. He is sued both in his individual and official capacities.

8.  Defendant Detective Adrian Arav Shield No.1793, NYPD Forensics Laboratory command, 150-14 Jamaica Ave, Jamaica, NY 11432 who worked at the 63rd precinct on August 6, 2023, is a detective employed by the City of New York. At all times relevant hereto acted on his own and under color of state law. He is sued both in his individual and official capacities.

9. Defendant Maximo Sabala Shield No.22413, 63rd precinct command, 1844 Brooklyn Ave, Brooklyn, NY 11210 is a Police Officer employed by the City of New York. At all relevant times hereto, acted on her own and at the direction of Defendant Paul Mallilo Shield No.564 and in concert with other Defendants and under color of state law. She is sued in her individual and official capacities.

10. Defendant Valemburn Vilaire Shield 15935, Strategic Response Group 1 command, 524 W 42nd St, New York, NY 10036, is a Police Officer employed by the City of New York. At all times relevant hereto, he acted both on his own and at the direction of Defendant Sergeant Paul Mallilo Shield No.13570 and in concert with other Defendants and under color of state law. He is sued both in his individual and official capacities.

11. Defendant Officer Chandon Rodriguez Shield No. 17484, 67th precinct command, 2820 Snyder Ave, Brooklyn, NY 11226 is a Police Officer employed by the City of New York. At all times relevant hereto, he acted both on his own and in the direction of Defendant Sergeant Paul Mallilo Shield No.13570 and in concert with other Defendants and under color of state law. He is sued both in his individual and official capacities.

12. Defendant Matera Janelle C Shield No.14574, 63rd precinct command, 1844 Brooklyn Ave, Brooklyn, NY 11210 is a Police Officer employed by the City of New York. At all relevant times hereto, acted on her own and in the direction of Sergeant Piscatella Joseph F Shield No. 5325, and under color of state law. She is sued in her individual and official capacities.

13. Defendant Piscatella Joeseph F Shield No. 5325, Fleet Services Division command, 53-15 58th St, Woodside, NY 11377 is a Police Officer employed by the City of New York. At all relevant times hereto, acted on his own and under color of state law. He is sued in her individual and official capacities.

## FACTS

1. On August 6, 2023, the plaintiff was inside his private home in the county of Kings. Members of the New York City Police Department knocked on the plaintiff's door. Upon request from the officers, the plaintiff lets the officers inside.

2. Officers claim they are conducting a welfare check on the plaintiff and waiting for Emergency Medical Services to perform questioning on the plaintiff.

3. Emergency Medical Services then perform questioning on the plaintiff.

4. Emergency Medical Services concluded and resolved their questioning with the members of the New York City Police Department and left.

5. Without new voluntary consent or being in possession of a warrant the defendants Sergeant Mallilo Paul Shield No.13570, Nizom Tura Shield No.20732, Maximo Sabala Shield No.22413, Valembrun Vilaire Shield No.15935, Layburn Patrick 63rd precinct command, Rodriguez Chandon 63rd precinct command remained in the plaintiff's home.

6. The plaintiff did not consent to their staying once Emergency Medical Services left.

7. At this time, more officers began entering the plaintiff's home without new voluntary consent or being in possession of a warrant.

8. Without being in possession of a warrant, Officer Nizom Tura, Shield No.20732 took the plaintiff into custody.

9. Violating the privacy of the plaintiff, Detective Adrian Arav, 63rd command, who worked at the 63rd precinct on August 6, 2023, took mug shot photos of the plaintiff from a cell phone in an interrogation room at the precinct.

10. The defendant Nizom Tura Shield No.20732 drafted, signed under penalty of perjury and filed in the Kings County Criminal Court a criminal complaint falsely accusing plaintiff of numerous misdemeanor and felony crime.

11. The defendant Valembrun Vilaire Shield No.15935, drafted, signed under penalty of perjury and filed in the Kings County Criminal Court a Domestic Incident Report with false accusations against the plaintiff.

12. The defendant Matera Janelle C, 63rd command drafted, signed under penalty of perjury and filed in the Kings County Criminal Court a Domestic Incident Report with false accusations against the plaintiff.

13. The defendant Piscatella Joeseph F, 63rd command, drafted, signed under penalty of perjury and filed in the Kings County Criminal Court a Domestic Incident Report with false accusations against the plaintiff.

14. Without being in possession of a warrant, defendants Maximo Sabala Shield No.22413, Valembrun Vilaire Shield No.15935, and Seargent Mallilo Paul Shield

No.13570 conducted an unlawful search and seizure of the plaintiff's bedroom, inside his home after plaintiff was taken into custody and transported to the precinct. Including without being in possession of a warrant, the unlawful search of the plaintiff's cell phone information.

15. On November 13, 2024, during the plaintiff's incarceration, his vehicle was impounded to Springfield Gardens Auto Pound by the New York City Police Department and then later sold without proper notice and without a hearing in violation of the plaintiff's due process rights.

16. Due to the unlawful search and seizure of the plaintiff's property, the defendant's seizure of the plaintiff's car keys made it impossible for the plaintiff to have his vehicle moved to his private parking while he was incarcerated. His vehicle was impounded and then sold without a hearing and proper notice to his place of incarceration in violation of the plaintiff's rights.

17. On December 6, 2023, the plaintiff was court ordered for a mental evaluation that an evaluator for the New York State Office of Mental Health had not completed an assessment at all relevant times hereto the plaintiff who has no criminal history, remained incarcerated on remand directly causing the undue delay and extended, unconstitutional incarceration and violations of Title II of the Americans with Disabilities Act, section 504 of the Rehabilitation Act of 1973, and section 291 of the NYS Human Rights Law.

18. On December 5, 2024, the plaintiff was court ordered to the New York State Office of Mental Health without a required hearing for the need of involuntary care violating the rights of plaintiff.

19. The Plaintiff was not transported after being court ordered from December 5, 2024, until March 24, 2025, causing undue delay, violating the rights of the plaintiff.

20. On August 11, 2023, Defendant Kings County District Attorney Carly Muth unlawfully and unethically used and suborned false testimony from witness Sephora Saint Jour who did provide false testimony under oath and penalty of perjury which contradicted her written statement in a Domestic Violence Report Statement of Allegations/Supporting Deposition of "a rifle being pointed," drafted and signed under penalty of perjury and testified under oath and penalty of perjury at a grand jury proceeding in the Kings Supreme Criminal Court in which is material to the manner of which the plaintiff was charged and manner of a court proceeding, along with contradicting evidence against the plaintiff violating his right to a fair trial and corrupts the integrity of the judicial process. Prosecutors have a duty to ensure justice, which is violated by knowingly using false testimony. The Defendant Carly Muth, District Attorney for the County of Kings, is in violation of the plaintiffs clearly established constitutional rights.

21. As a result, the acts of the defendants was a direct cause of the prolonged wrongful incarceration of twenty-three months from August 6, 2023 – July 14, 2025, and a family member was required to post bail for the plaintiff to be released from jail.

## INJURIES

## AS AND FOR A FIRST CAUSE OF ACTION

## (FALSE ARREST)

22. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

23. As a direct and proximate result of the unlawful and intentional acts of the defendants described herein caused plaintiff to suffer prolonged incarceration, economic damage including a loss of education, loss of gainful employment, loss of liberty and continues to suffer from severe and disabling shock, distress, anguish, sorrow, depression and loss of enjoyment of life.

24. The defendants acted maliciously and with specific intent to oppress and harm plaintiff and/or with reckless disregard of the consequences of his actions, and as a result plaintiff is entitled to damages in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

## (FALSE IMPRISONMENT)

25. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

26. As a direct and proximate result of the unlawful and intentional acts of the defendants described herein caused plaintiff to suffer prolonged incarceration, economic damage including a loss of education, loss of gainful employment, loss of liberty and continues to suffer from severe and disabling shock, distress, anguish, sorrow, depression and loss of enjoyment of life.

27. The defendants acted maliciously and with specific intent to oppress and harm plaintiff and/or with reckless disregard of the consequences of his actions, and as a

result plaintiff is entitled to damages in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

### (CONVERSION)

28. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.
29. The plaintiff was not properly notified, and no hearing was conducted for the impounding and selling of the vehicle of the plaintiff in violation of the plaintiffs' due process rights.
30. The conduct of the defendants is a direct cause for the wrongful impoundment and selling of the plaintiff's vehicle.
31. As a direct and proximate result of the unlawful and intentional acts of the defendants described herein plaintiff suffered economic damage including a loss of education, loss of gainful employment and continues to suffer from severe and disabling shock, distress, anguish, sorrow, depression and loss of enjoyment of life.
32. The defendants acted maliciously and with specific intent to oppress and harm plaintiff and/or with reckless disregard of the consequences of his actions, and as a result plaintiff is entitled to damages in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (FOURTH AMENDMENT VIOLATION)

33. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.
34. The conduct of the defendants violated the plaintiff's right to be free of unreasonable searches and seizures in violation of the Fourth Amendment to the United States Constitution.
35. As a direct and proximate result of the unlawful acts of the defendants described herein, the plaintiff has incurred economic damage including loss of education, a loss of gainful employment, loss of liberty and damage to his reputation all to

plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

36. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (FITFTH AMENDMENT VIOLATION)

37. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

38. The conduct of the defendants violated plaintiff rights to due process of law in violation of the Fifth Amendment to the United States Constitution.

39. As a direct and proximate result of the unlawful acts of the defendants described herein, the plaintiff has incurred economic damage including loss of education, a loss of gainful employment and damage to his reputation all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

40. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (SIXTH AMENDMENT VIOLATION)

41. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

42. The conduct of the defendants violated plaintiff's right to a fair trial in violation of the Sixth Amendment to the United States Constitution.

43. As a direct and proximate result of the unlawful acts of the defendants described herein, the plaintiff has incurred economic damage including loss of education, a loss of gainful employment and damage to his reputation all to plaintiff's damage in

an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

44. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## (FOURTEENTH AMENDMENT VIOLATION)

45. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

46. The conduct of the defendants deprived the plaintiff of his right to due process of law and equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution.

47. As a direct and proximate result of the unlawful acts of the defendants described herein, the plaintiff has incurred economic damage including a loss of education, loss of gainful employment, loss of liberty and damage to his reputation all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

48. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A EIGTH CAUSE OF ACTION
## (NEW YORK STATE CONSTITUTIONAL TORT)

49. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

50. The conduct of the defendants deprived the plaintiff of his right to equal protection of the laws in violation of Article 1 section 11 of the New York State Constitution.

51. As a direct and proximate result of the unlawful acts of the defendants described herein, the plaintiff has incurred economic damage including loss of education, a loss of gainful employment, loss of liberty and damage to his reputation all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

52. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A NINTH CAUSE OF ACTION
## (NEW YORK STATE CONSTITUTIONAL TORT)

53. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

54. The conduct of the defendants violated the plaintiff his right to be free of unreasonable searches and seizures in violation of Article 1 section 12 of the New York State Constitution.

55. As a direct and proximate result of the unlawful acts of the defendants described herein, the plaintiff has incurred economic damage including loss of education, a loss of gainful employment and damage to his reputation all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

56. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A TENTH CAUSE OF ACTION
## (TITLE II OF THE AMERICANS WITH DISABILITIES ACT VIOLATION)

57. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

58. Title II of the ADA requires physical facilities to be accessible for people with disabilities and requires state and local governments to provide reasonable

modifications to policies and practices. Courts and correctional systems are considered public entities and are subject to Title II. When a defendant is a person with a mental disability that prevents them from understanding court proceedings, Title II requires the court system to make a "reasonable modification" to its standard practices.

59. Persistent and long delays in providing court-ordered competency evaluations and restoration services to pretrial detainees violate constitutional due process rights.

60. The conduct of the defendants holding Christopher Saint Jour indefinitely in a jail without the evaluation and treatment needed to restore him back to competency is a violation of the Americans with Disabilities Act. The ADA requires systems to accommodate the individual's disability by providing appropriate evaluation and restoration services. Persistent and long delays in providing court-ordered competency evaluations and restoration services to pretrial detainees violate constitutional due process rights.

61. As a direct and proximate result of the unlawful acts of the defendants described herein, the plaintiff has incurred economic damage including loss of education, a loss of gainful employment, loss of liberty and damage to his reputation all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

62. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

## (SECTION 504 OF THE REHABILITATION ACT OF 1973 VIOLATION)

63. The allegations of the foregoing paragraphs are hereby re-alleged and incorporated herein by reference.

64. Section 504 of the Rehabilitation Act of 1973 protects qualified individuals from discrimination based on their disability, requires organizations 4 forbids organizations and employers from excluding or denying individuals with disabilities an equal opportunity to receive program benefits and services. It defines the rights of individuals with disabilities to participate in and have access to program benefits and services. and requires reasonable accommodation and accessibility.

65. Courts and correctional systems are considered public entities and are subject to Section 504. When a defendant is a person with a mental disability that prevents them from understanding court proceedings, Section 504 requires the court system to make a "reasonable modification" to its standard practices.

66. Persistent and long delays in providing court-ordered competency evaluations and restoration services to pretrial detainees violate constitutional due process rights.

67. The conduct of the defendants holding Christopher Saint Jour indefinitely in a jail without the evaluation and treatment needed to restore him back to competency is a violation of Section 504 of the Rehabilitation Act of 1973.

68. As a direct and proximate result of the unlawful acts of the defendants described herein, the plaintiff has incurred economic damage including loss of education, a loss of gainful employment, loss of liberty and damage to his reputation all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

69. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR AN TWELFTH CAUSE FOR ACTION
## (SECTION 291 OF THE NYS HUMAN RIGHTS LAW VIOLATION)

70. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

71. Section 291 (2) of the NYS Human Rights Law requires the use of places of public accommodation and is declared to be a civil right.

72. Courts and correctional systems are considered public entities and are subject to Section 291 of the NYS Human Rights Law. When a defendant is a person with a mental disability that prevents them from understanding court proceedings, Section 291 requires the court system to make a "reasonable modification" to its standard practices.

73. Persistent and long delays in providing court-ordered competency evaluations and restoration services to pretrial detainees violate constitutional due process rights.

74. The conduct of the defendants holding Christopher Saint Jour indefinitely in a jail without the evaluation and treatment needed to restore him back to competency is a violation of Section 291 of the NYS Human Rights Law.

75. As a direct and proximate result of the unlawful acts of the defendants described herein, the plaintiff has incurred economic damage including loss of education, a loss of gainful employment, loss of liberty and damage to his reputation all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

76. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

## (NYC ADMIN CODE SECTION 8-101 VIOLATION)

77. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

78. N.Y.C. Admin. Code § 8-107(4)(a), provides that "[i]t shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived . . . disability . . . status of any person directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . ." Persons include all "natural persons, proprietorship partnerships, associations, group associations, organizations, governmental bodies or agencies, corporations [and] legal representatives . . ." NYC Admin Code § 8-102(1).

79. Courts and correctional systems are considered public entities and are subject to NYC Admin Code section 8-101. When a defendant is a person with a mental disability that prevents them from understanding court proceedings, NYC Admin Code Section 8-101 requires the court system to make a "reasonable modification" to its standard practices.

80. Persistent and long delays in providing court-ordered competency evaluations and restoration services to pretrial detainees violate constitutional due process rights.

81. The conduct of the defendants holding Christopher Saint Jour indefinitely in a jail without the evaluation and treatment needed to restore him back to competency is a violation of NYC Admin Code section 8-101.

82. As a direct and proximate result of the unlawful acts of the defendants described herein, the plaintiff has incurred economic damage including loss of education, a

loss of gainful employment, loss of liberty and damage to his reputation all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION

### (PAIN AND SUFFERING)

83. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.
84. The conduct of the defendants has caused the plaintiff pain and suffering.
85. As a direct and proximate result of the unlawful acts of the defendants described herein, the plaintiff has incurred economic damage including loss of education, a loss of gainful employment, loss of liberty and damage to his reputation all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.
86. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

87. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.
88. As a direct and proximate result of the unlawful and intentional acts of the defendants described herein plaintiff suffered economic damage including a loss of education, loss of gainful employment, loss of liberty and continues to suffer from severe and disabling shock, distress, anguish, sorrow, depression and loss of enjoyment of life.

89. The aforesaid psychological injuries sustained by plaintiff were caused wholly by reason of the intentional, reckless and/or negligent acts of the defendants as described herein.

90. The defendants acted maliciously and with specific intent to oppress and harm plaintiff and/or with reckless disregard of the consequences of his actions, and as a result plaintiff is entitled to damages in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial.

## INJUNCTIVE RELIEF

91. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

92. The plaintiff is an individual entitled to constitutional protections under the United States Constitution, including [Fourth, Fifth, Sixth and Fourteenth Amendments, Right to Fair Trial, Due Process, Equal Protection].

93. Defendant Carly Muth, in her official capacity as Kings County District Attorney, along with her prosecutorial and administrative agents, and all other named Defendants, have taken actions or threatened actions that violate or interfere with the plaintiff's constitutional rights.

94. The plaintiff has already suffered serious harm, including unlawful prosecution, deprivation of rights, reputational damage, economic damage including a loss of education, loss of gainful employment, loss of liberty, and continues to suffer from severe and disabling shock, distress, anguish, sorrow, depression and loss of enjoyment of life.

95. Unless restrained by this Court pending a full hearing on the merits, the Plaintiff will continue to experience immediate and irreparable injury to his federally protected rights, which cannot be adequately remedied by monetary damages. The plaintiff has suffered, and continue to suffer, irreparable harm as a direct result of the Defendants' actions

96. The plaintiffs respectfully request that this Court grant a preliminary injunction enjoining Defendant Carly Muth, District Attorney for the County of Kings, in her individual and official capacities as Kings County District Attorney, along with any prosecutorial and administrative agents acting on her behalf.

97. Accordingly, the Plaintiff's request that the Court issue a temporary and preliminary injunction against the Defendant Carly Muth, District Attorney for the County of Kings, any prosecutorial and administrative action for the defendant to

enforce the plaintiffs' constitutional rights, preserve the status quo and prevent further constitutional violations until this matter can be fully heard.

## DECALATORY RELIEF

98. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.
99. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties.

## JURY DEMAND

100.   Plaintiff Christopher Saint Jour requests a trial by jury as to all counts.

**PRAYER FOR RELIEF:**

**WHEREFORE,** plaintiff respectfully requests that this Court enter Judgment:

- Grant Judgement for an order and judgement declaring that the Defendants' acts and omissions are unlawful.
- For an order and judgement, enjoining Defendants from violating the New York Human Rights Law.
- Grant an order and judgement that Defendants has violated The Fourth, Fifth, Sixth and Fourteenth Amendment to the US Constitution and Article I section 11 and Article 1 section 12 of the NYS Constitution, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, Section 291 of the NYS Human Rights Law, and the NYC Admin Code section 8-101.
- Grant an Injunction enforcing the plaintiffs' constitutional rights against the Defendant Carly Muth, Kings County District Attorney, any prosecutorial and administrative action for the defendant to enforce the plaintiffs' constitutional rights and all other Defendants named herein.
- Returning the plaintiff to the financial standing for the value of tuition costs, and reimbursements for financial aid that was lost for the school years during the prolonged wrongful incarceration.
- Returning the plaintiff to the financial standing for the value of his vehicle, and the monthly bill payments, in addition to the pain and suffering and emotional distress.

- Awarding the full amount of compensatory damages as plaintiff prove at trial against all defendants jointly
- Award the full amount of damages for pain and suffering as plaintiff prove at trial against all defendants jointly
- Awarding the full amount of punitive damages as the jury determines to be appropriate;
- Award the full amount of injuries suffered as the plaintiff proves at trial the full amount of compensatory damage for the prolonged wrongful incarceration of twenty-three months.
- Award the full amount of injuries suffered as the plaintiff prove at trial against all defendants jointly because of Defendant's failure to comply with the requirements of Title II of the Americans with Disabilities Act, section 504 of the Rehabilitation Act of 1973, and section 291 of the NY Human Rights Law.
- Awarding reasonable attorneys' fees, costs and disbursements; and
- Granting such other and further relief as to the Court seems just and proper.